UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
CRIMINAL ACTION NO. 24-CR-47-DLB-CJS

UNITED STATES OF AMERICA                                                                    PLAINTIFF

VS.

ROBERT MAXWELL WERNER                                                                  DEFENDANT

**SENTENCING MEMORANDUM**

Comes the Defendant, Robert Maxwell Werner, by counsel, and submits the following Sentencing Memorandum.

**I.**

**INTRODUCTION**

On October 31, 2024, Robert Werner pled guilty to the Information herein. In doing so, he readily accepted full responsibility for his criminal conduct.

The purpose of this Sentencing Memorandum is not to excuse or minimize Mr. Werner's actions; but rather to demonstrate that a sentence of 250 to 300-months is appropriate and satisfies all the statutory requirements provided in §3553(a). This Memorandum will provide insight into traumatic experiences in Mr. Werner's childhood, explanation of what led to this conduct and provide reasons for mitigation of the sentence, while not minimizing the gravity of the offenses.

**II.**

**CIRCUMSTANCES OF THE OFFENSE**

A description of the criminal activity that led to the instant prosecution is located in Paragraphs 7-21 of the PSR.

1

## III.

## CIRCUMSTANCES OF THE OFFENDER

While the PSR has covered these considerations generally, Mr. Werner wishes to offer additional detail regarding his background.

When reflecting on his childhood, Mr. Werner indicated it was difficult. His parents divorced when he was very young, and his father was an alcoholic, which his substance misuse brought emotional and physical abuse upon the family. He was sexually abused by a family friend at the age of 7 or 8, he recalled. He also lost his family home to a flood that struck quickly, and he and his family members narrowly escaped. There is no doubt that these traumatic experiences had some impact on the actions leading to the instant prosecution.

Robert Wilson, Mr. Werner's spouse, gives a recitation of Mr. Werner's spiral into alcohol misuse prior to the events that led to this case. He also explains Mr. Werner's many redeeming qualities and who he is outside of the criminal acts he committed.

This criminal process has allowed Mr. Werner to reflect on his actions. Mr. Werner quickly realized how wrong his actions were and became sickened by what he had done. He started using illicit substances, in addition to the alcohol he was already abusing, to block out what he had done. He has also dealt with suicidal ideation due to his worsening mental health issues and addiction.

To that end, Mr. Werner is requesting a recommendation for mental health counseling, in addition to his mandated participation in the sex offender treatment program offered by the Bureau of Prisons (BOP).

## IV.

## STATUTORY SENTENCING OBJECTIVES

The primary directive in 18 U.S.C. § 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph two." §3553(a)(2) states that such purposes are:

> (a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (b) To afford adequate deterrence to criminal conduct;
>
> (c) To protect the public from further crimes of the defendant; and
>
> (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The advisory guideline range as calculated by U.S. Probation is 360 months to Life. However, pursuant to 18 U.S.C. §2251(e) the statutorily authorized maximum term is 360 months with a mandatory minimum of 180 months. For the following reasons, and taking into consideration all the previously mentioned characteristics, Mr. Werner respectfully submits a sentence slightly below the statutory maximum, in the range of 250-300 months imprisonment is sufficient to meet all the statutory sentencing objectives proscribed by §3553(a)(2).

It is a fundamental keystone of sentencing "for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States,* 128 S.Ct. 586, 598 (2007), *quoting Koon v. United States,* 518 U.S. 81, 113 (1996). Additionally, the Court has the authority to grant a downward variance by considering the factors defined in 18 U.S.C. §3553(a). Due to the following specific reasons, Mr. Werner is requesting a downward variance in the instant case.

Mr. Werner is 46 years of age. After serving at least the mandatory minimum sentence of 180 months, he will be 61 years of age and with the United States' requested sentence, he will be in his 70s upon his release. With that greater age, he will be less likely to recidivate. He also, amazingly, still has the support of his husband, friends, and family who have stood by his side since he was charged with the crimes herein. *See* letters in support attached hereto, collectively Exhibit 1.

As detailed in the PSR, Mr. Werner experienced a very traumatic childhood, where he endured physical and sexual abuse. He also has a chronic substance abuse history. Though not excuses for his actions, these are certainly mitigating factors that contributed to his choices.

A court may consider a disadvantaged childhood or history of abuse as part of their analysis under 18 U.S.C. § 3553(a) and have commonly varied downward where a defendant was victimized as a child. *See United States v. River*, 192 F.3d 81, 84 (2d Cir. 1999) ("It seems beyond question that abuse suffered during childhood-at some level of severity-can impair a person's mental and emotional conditions); *See* also *United States v. Patzer*, 548 F. Supp. 2d 612 (N.D. Ill. 2008) (imposing 13 years despite Guideline range of 346-411 months in career offender case, partly in consideration of defendant's difficult childhood with an abusive family and undiagnosed ADHD); *See* also *United States v. Ayers,* 971 F. Supp. 1197 (N.D. Ill. 1997) (granting departure based upon cruel childhood with relentless physical, sexual, and psychological abuse over a course of years); *See* also *United States v. Mapp*, 2007 WL 485513 (E.D. Mich. Feb. 9, 2007) (granting variance based on defendant's upbringing where he frequently witnessed domestic violence and substance abuse by his parents until his grandmother took custody of him at age five); and *See United States v. Samuels*, 2009 WL 875320 (S.D.N.Y. Apr. 2, 2009) (imposing time served sentence rather than Guideline range of seventy to eighty seven months where defendant "was raised under poor economic circumstances with an abusive father addicted to crack").

4

Many courts have noted that, like the crack cocaine Guidelines, the child pornography Guidelines "are to a large extent, not the result of the Commission's 'exercise of its characteristic institutional role,' which requires that it base its determinations on 'empirical data and national experience,' but of frequent mandatory minimum legislation and specific congressional directives to the Commission to amend the Guidelines." *United States v. Henderson*, 649 F.3d 955, 962-63 (9th Cir. 2011). Thus, under *Kimbrough*, "district courts may vary from the child pornography Guidelines § 2G2.2, based on policy disagreement with them, and not simply based on an individualized determination that they yield excessive sentence in a particular case." *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007); *Henderson*, 649 F.3d at 963 (internal citations omitted). *See, e.g., United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010); *United States v. Brooks*, 628 F.3d 791, 799 (6th Cir. 2011). Many sentencing courts have taken this directive and departed or varied downward from the Guidelines in child pornography cases. *See, e.g., United States v. Marshall*, 870 F. Supp. 2d 489 (N.D. Ohio 2012) (varying downward from 151-month bottom Guidelines to statutory mandatory minimum of sixty months, while criticizing mandatory minimum); *United States v. Phinney*, 599 F. Supp. 2d 1037 (E.D. Wis. 2009) (sentencing defendant to six months were Guideline range was 37-46 months); *United States v. Grinbergs*, 2008 WL 4191145 (D. Neb. Sep. 8, 2008) (sentencing defendant to one year and one day where Guideline range was forty-six to fifty-seven months).

According to the United States Sentencing Commission's (USSC) Datafiles on Child Pornography Offenders, FY 2018 through FY 2022, 55.6% of child pornography defendants received a downward variance relative to the respective guideline range. The average sentence reduction was 40.2%.

The requested sentence of 250-300 months is undeniably a substantial sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It offers individual and general deterrence of the same conduct and certainly protects the

5

public from further crimes of Mr. Werner. It is also certainly a long enough that to allow him to complete the BOP sex offender treatment program and hopefully any additional mental health treatment he may need. §3553(a) expressly directs the court to consider national sentencing disparities. *See* 18 U.S.C. § 3553(a)(6) and *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008).

In cases where there are many mitigating circumstances, a judge may depart based on the totality of these circumstances. *See* e.g., *United States v. Martin,* 520 F.3d 87 (1st Cir. 2008) (affirming ninety-one-month downward variance/departure based on the defendant's over-representative criminal history, the significant downward variances granted to co-conspirators, the defendant's renouncement of his bad ways, and religious conversion during the two years of post-arrest incarceration, and the defendant's unusually supportive family).

In a letter attached hereto, Mr. Werner conveys sincere acceptance of responsibility and remorse for wrongdoings. Mr. Werner makes clear that he must be punished and that a sentence of incarceration is justified. Rather than wallow in self-pity and excuses like most in his situation, Mr. Werner genuinely takes accountably for his actions and chooses to use the sentence imposed to improve himself, not only for himself, but for all those effected.

## V.

## CONCLUSION

WHEREFORE, Mr. Werner respectfully requests a sentence of 250-300 months. Such a sentence would satisfy all the statutory requirements, align with the national average, and provide a sentence that is sufficient, but not greater than necessary, particularly when combined with the extensive special conditions and restrictions he will be under upon release. Additionally, Mr. Werner is requesting a recommendation from the Court to recommend that BOP place him in a prison close to his family in Idaho.

Respectfully submitted,

  /s/ Brandi N. Lewis
HON. BRANDI N. LEWIS
BALDANI LAW GROUP
300 W. Short Street
Lexington, KY  40507
(859) 259-0727
brandi@baldanilaw.com
*Attorney for Mr. Werner*

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF on this, the 28th day of February 2025, which will cause electronic notice of the same to be served upon all parties.

  /s/ Brandi N. Lewis
HON. BRANDI N. LEWIS